```
              UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW HAMPSHIRE
```

United States of America

   v.                                Criminal No. 12-cr-104-02-JL

Robert Quinones


## ORDER OF DETENTION PENDING TRIAL

In accordance with 18 U.S.C. § 3142(f), a hearing was conducted on October 17, 2012, for the purpose of determining whether the defendant should be detained.  The court issued its detention order orally from the bench, and this written order incorporates by reference those findings and rulings. See 18 U.S.C. § 3142(i)(1).

### Legal Standards

Section 3142(f) of the Bail Reform Act, 18 U.S.C. §§ 3141-3156, "does not authorize a detention hearing whenever the government thinks detention would be desirable, but rather limits such hearings" to the circumstances listed in 18 U.S.C. §§ 3142(f)(1) and (f)(2).  United States v. Ploof, 851 F.2d 7, 10 (1st Cir. 1988).  In this case, the government asserts that a detention hearing is warranted because the defendant is charged

with drug offenses that carry maximum sentences of ten or more years.

The defendant is charged by indictment with conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1). The drug charges satisfy the parameters of § 3142(f)(1)(C), and, accordingly, the detention hearing was appropriately requested.

Pursuant to § 3142(f), the court must determine whether any condition or combination of conditions set forth in § 3142(c) will reasonably assure the appearance of the defendant ("risk of flight") and the safety of any other person and the safety of the community ("dangerousness"). 18 U.S.C. § 3142(f); United States v. Patriarca, 948 F.2d 789, 791 (1st Cir. 1991). In making this determination, the court must consider the following: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence as to guilty; (3) the history and characteristics of the accused, including family ties, past history, financial resources and employment; and (4) the nature and seriousness of the danger to any person or the community that would be posed by a release. 18 U.S.C. § 3142(g).

During the course of a hearing conducted pursuant to 18 U.S.C. § 3142, the government has the burden of persuading the

court that no condition or combination of conditions will reasonably assure (1) the defendant's presence at trial, United States v. Perez-Franco, 839 F.2d 867, 870 (1st Cir. 1988); or (2) the safety of another or the community. Patriarca, 948 F.2d at 793. For its part, the government is required to prove risk of flight by a preponderance of the evidence and to establish dangerousness by clear and convincing evidence. See id. at 792-93.

In specific instances, delineated in 18 U.S.C. § 3142(e), a presumption arises that no condition or combination of conditions will reasonably assure the appearance of a defendant and the safety of the community. Among the instances where a presumption arises is the situation where

> the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.) . . . .

18 U.S.C. § 3142(e)(3)(A). Once the presumption is invoked, the defendant need only produce "some evidence" to rebut it. United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991); United States v. Jessup, 757 F.2d 378, 384 (1st Cir. 1958). "When a defendant produces such evidence, however, the presumption does not disappear. The burden of persuasion remains on the

government and the rebutted presumption retains evidentiary weight." Dillon, 938 F.2d at 1416.

## Findings and Rulings

In this case, the indictment itself constitutes probable cause to believe that the offense charged has been committed and that the defendant has committed it. Because the defendant is charged by indictment with a drug offense for which a maximum term of imprisonment is ten years or more, as prescribed in the Controlled Substance Act, 21 U.S.C. §§ 801 et seq., section 3142(e)'s rebuttable presumption that "no condition or combination of conditions will reasonably assure [the defendant's] appearance . . . and the safety of the community" is triggered in this case. See 21 U.S.C. §§ 846 and 841(A)(1); see also United States v. Vargas, 804 F.2d 157, 162-63 (1st Cir. 1986).

At the hearing, the government argued that defendant's release posed a risk of both flight and danger.  After weighing the evidence and balancing the factors laid out in 18 U.S.C. § 3142(g), the court finds that the government, aided by the presumption, met its burden of proof with respect to both flight and danger.  The court issued its ruling and explained its rationale orally from the bench.  The court incorporates its

oral ruling herein, and for the reasons stated on the record, finds that the government met its burden of proving that defendant's release, even on strict conditions, presents too serious a risk of both flight and danger.  In short, there are no conditions or combination of conditions that will reasonably assure the safety of the community or the appearance of defendant.  Accordingly, it is ORDERED that the defendant be detained pending trial.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a correctional facility, to be held separately, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the government, the person in charge of the correctional facility shall deliver the defendant to the United States Marshal for the purpose of appearing in connection with court proceedings.

To the extent consistent with the jail's regulations, and presuming that defendant qualifies for admission, the court makes a recommendation that defendant be allowed entrance into

the Community Program or the "T.C. Program," at the Strafford County House of Corrections.

    SO ORDERED.

                                              Landya McCafferty
                                              United States Magistrate Judge

October 17, 2012

cc: James D. Gleason, Esq.
    Jennifer C. Davis, Esq.
    U.S. Marshal
    U.S. Probation